IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MARY SMITH CRUMEDY,

       Debtor.                                Case No. 05-03412-8-JRL
                                                   Chapter 7

_____

**ORDER**

       This matter is before the court on the Chapter 7 trustee's "Motion for Clarification of Debtor's Interest." On November 16, 2005, the court conducted a hearing in Wilmington, North Carolina.

       The trustee seeks an order limiting the debtor's exemption in real property to the amount previously claimed. The debtor listed in Schedule A, which was filed with the bankruptcy petition, an interest in a house and lot ("the property") in Bolivia, North Carolina. The current market value of the property is scheduled as $60,000, with a secured claim against the property in the amount of $51,526.34. The debtor claims an exemption in the property in the amount of $8,473.66, pursuant to N.C.G.S. § 1C-1601(a)(1). The trustee did not object to the exemption.

       In order to determine whether there was value in the property for the unsecured creditors, the trustee obtained a broker's price opinion, valuing it between $75,000 and $85,000. As the broker's estimate is well in excess of the debtor's scheduled value, the trustee wishes to sell the property for the benefit of the estate. The debtor objects to any proposed sale of the property based on the trustee's failure to object to the exemption. Absent a timely objection, the debtor asserts that her entire interest in

1

the property is exempt as set forth in Taylor v. Freeland & Kronz, 503 U.S. 638, 643 (1992).

Another issue in this case is the size of the debtor's property and the scope of her interest. It is agreed that the debtor has an interest in the property but she also co-owns adjacent property with her siblings. Her father retains a life estate in both properties and as such, the debtor has a remainder interest. The trustee admits that he wants to sell both properties as a whole, but the broker's price opinion was based on a fee simple and not a remainder interest. Additionally, the debtor contends that her claimed exemption was only in the house and lot, not the co-owned adjacent property.

Under 11 U.S.C. § 522(l), a debtor may "exempt from property of the estate" any property specified by state law, if the debtor was domiciled for 180 days in that state prior to the filing of the petition. In this case, North Carolina law applies. Under N.C.G.S. § 1C-1601(a), a resident of the state may claim an interest in real property as exempt if the debtor uses it as a residence, although the exemption may "not . . . exceed ten thousand dollars ($10,000) in value." If the debtor claims such an exemption, the trustee may file an objection "within 30 days after the meeting of creditors held under § 341(a) is concluded." See Bank. R. 4003(b) (2004).

If a trustee decides not to object to the exemption, a subsequent challenge to the validity of the exemption will be prevented. See Taylor, 503 U.S. at 642. The trustee in Taylor failed to object to an exemption claimed in proceeds from a pending lawsuit with a listed value of "unknown." Id. at 640. The Court rejected the trustee's argument that an exemption can be challenged after the thirty day period if it was made in bad faith. Id. at 643. The debtor's exemption in that case was allowed. Id. at 645.

The debtor contends that the Court's reasoning in Taylor supports her argument that her entire interest in the property should be exempt. The facts of that case, however, are not analogous to these

circumstances. The trustee in this case is not challenging the debtor's claimed exemption in the amount of $8,473.66, but disputing the exemption of additional amounts due to the appreciation in value of the debtor's property. The Bankruptcy Code does not require the trustee to object to an exemption in property in order to preserve the right to sell the property over the exempt amount. See In re James, Case No. 99-02275-5-ATS (Bankr. E.D.N.C. March 23, 2001); Addison v. Reavis, 158 B.R. 53 (E.D. Va. 1993).

The debtor's exemption, according to Schedule C, is only in a house and lot located at 2749 Hewett Road Southeast, Bolivia, North Carolina. No exemption was claimed in the property adjacent to the house and lot. Additionally, the claimed exemption must be in the remainder interest that the debtor holds, as the debtor does not own the property in fee simple.

Based on the foregoing, the court finds that the debtor has a valid exemption in the amount of $8,473.66 in her remainder interest in the house and lot located at 2749 Hewett Road Southeast. On the basis of the current schedules, the debtor cannot claim additional equity in that property as exempt, as she has previously exempted a specific dollar value in the equity. The trustee must honor that exemption. No sale of the debtor's remainder interest in the property will be approved unless the debtor's exemption amount of $8,473.66 will be paid from the proceeds. Accordingly, the court grants the trustee's motion.

**So Ordered.**
**Dated: December 5, 2005**

J. Rich Leonard
United States Bankruptcy Judge