# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

**IN RE:**

### MARY SMITH CRUMEDY

**Debtor.**                                    **Case No.: 05-03412-8-JRL**
**Chapter 7**

_____

### <u>ORDER</u>

This case is before the court on the debtor's motion to reconsider. This motion is based on the

court's order, entered on December 5, 2005, allowing the trustee's motion for clarification of debtor's

interest in property.

The debtor's motion asks the court to reconsider its order and cites a case decided by Judge

Small as grounds on which to base the relief requested. <u>See</u> <u>In re Kim</u>, Case No. 04-02917-5-ATS

(Bankr. E.D.N.C. February 23, 2005). The debtor intends to argue the facts of that case are analogous

to the debtor's circumstances and the decision follows <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638

(1992). The trustee's response to the motion contends that there is no justification for relief from the

court's order pursuant to Rule 9024.

Under Rule 9024(b) of the Federal Rules of Bankruptcy Procedure, a court may relieve a party

from a "final judgment, order, or proceeding" for reasons specified in the statute. The debtor's motion

does not cite this provision or any other statute and none of the reasons set forth in Rule 9024(b) have

application in this case. The decision in <u>In re Kim</u> does not constitute "mistake, inadvertence, surprise, or

excusable neglect." It is not "newly discovered evidence" and it could have been found with due diligence

before the hearing. Additionally, the debtor has not asserted that the court's order is void, involved fraud, or has been satisfied.

Rule 9024(b)(6) allows a court to relieve a party from judgment for "any other reason justifying relief from the operation of the judgment." In order to warrant relief under this subsection, "a party must show 'extraordinary circumstances.'" Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The debtor's pleadings do not justify relief under Rule 9024(b)(6), as the decision in In re Kim does not constitute "extraordinary circumstances."

Based on the foregoing, the court finds that there is no basis for the debtor's motion to reconsider pursuant to Rule 9024(b). As the debtor filed her motion to reconsider within ten days of the entry of the order of December 5, 2005, the debtor may appeal that previous order within ten days of the entry of this order pursuant to Rule 8002(b).[1] Accordingly, the court denies the debtor's motion.

**So Ordered.**

**Dated:  January 5, 2006**

J. Rich Leonard
United States Bankruptcy Judge

---

[1] The debtor's motion to reconsider was filed on December 12, 2005.