**SO ORDERED.**

**SIGNED this 29 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MARY SMITH CRUMEDY,                                    CASE NO. 05-03412-8-JRL

   DEBTOR.                                             CHAPTER 7

ORDER

The matter before the court is the debtor's motion for the trustee to abandon real property. On March 13, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On April 27, 2005, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. The debtor asserts that the trustee should abandon the real property located at 2749 Hewett Road, SE, Bolivia, North Carolina. The debtor contends that her interest in the homestead and one-fourth interest in the two surrounding tracts of land are subject to the life estate of her father, Willie Smith. Mr. Smith is elderly and suffers from ill health. The debtor contends that the trustee has no authority to sell the property in light of her father's life estate.

The trustee objects to the debtor's motion for abandonment. He asserts that he can sell the property subject to the life estate, pursuant to 11 U.S.C. § 363, but that the property will be more valuable if sold after the life estate expires. The trustee also questions the validity of the life tenant's

interest in the property. In addition, the trustee asserts that the debtor has failed to meet her burden of proof under § 554(b).

"A life estate is an estate in land, vesting the holder with the right to use and possess property during his lifetime." Brinkley v. Day, 88 N.C. App. 101, 103, 362 S.E.2d 587, 589 (1987). Because life tenants and remaindermen are not co-owners with undivided interests, pursuant to 11 U.S.C. § 363(h), the trustee can sell the property but only subject to the non-debtor's life estate interest. In re Burns, 73 B.R. 13, 15 (Bankr. W.D. Mo. 1986). The trustee's ability to sell the property subject to the life estate is supported by North Carolina law, which states that future interests are freely alienable. N.C. Gen. Stat. § 39-6.3. Moreover, under North Carolina law, future interests are subject to execution by judgment creditors of the remaindermen. NC Nat. Bank. v. C.P. Robinson Co., 319 N.C. 63, 72, 352 S.E.2d 684, 689 (1987); JAMES A WEBSTER, WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 5-20 (1999). Thus, the trustee can sell the property subject to the life estate or wait to sell the property when the life estate expires. The trustee, however, has offered to settle this matter with the debtor for $26,000.00, representing the universe of claims in this case.

"Although section 704 directs the trustee to close the estate 'as expeditiously as is compatible with the best interests of parties in interest,' nothing in section 554 creates an entitlement for abandonment due to delays in administration." In re Siegel, 204 B.R. 6, 9 (Bankr. W.D.N.Y. 1996). "The party seeking abandonment has the burden of proof under § 554(b)." In re Dillon, 219 B.R. 781, 785 (Bankr. M.D. Tenn. 1998). Section 554(b) gives the court discretionary power to "order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b); Fed. R. Bankr. P. 6007(b). The

debtor has failed to satisfy her burden of proving that the property is either burdensome to the estate or of inconsequential value. On the debtor's schedule C filed with her petition, she indicated that the property was worth $60,000.00 and subject to a mortgage of $51,526.34. She claimed an exemption, pursuant to N.C. Gen. Stat. § 1601(a)(1), in the amount of $8,473.66. However, the debtor refinanced the subject property in May 2006, and she represented on her loan application that the homestead was worth $85,000.00. The tax values of the two tracts of land surrounding the homestead total $125,060.00. Based on those tax values, the debtor's one-fourth remainder interest in the surrounding two tracts alone is worth $31,265.00 and would appear to satisfy the universe of claims totaling approximately $26,000.00.

Because the debtor failed to meet her burden of proof under § 554(b), the court denies the debtor's motion for abandonment.

END OF DOCUMENT